UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RUBSTELLO, INC., et al.,

        Plaintiffs,

   v.

TRANSPORTATION INSURANCE COMPANY, et al.,

        Defendants.

NO. CIV. S-05-0688 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiffs Rubstello, Inc., fka Exercise Equipment Center, Inc., James Rubstello, Leo Rubstello, Faye Rubstello, and Dawn Rubstello's (collectively, "plaintiffs") second motion to remand.[1]  Previously, on October 14, 2004, defendant Transportation Insurance Company removed plaintiffs', then, state court declaratory relief action to this court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  On November 5, 2004, plaintiffs filed a motion to remand

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

arguing that the court should decline to exercise its discretionary jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"). The court granted plaintiffs' motion and remanded the suit to the Sacramento County Superior Court. (Memorandum & Order, filed Jan. 11, 2005, Civ. S-04-2186, ["Remand Order"], at 2:7.)

Thereafter, on March 11, 2005, plaintiffs amended their complaint ("FAC") in the state court action, dismissing the declaratory relief claim and pleading claims for breach of insurance contract and breach of the implied covenant of good faith and fair dealing.

On April 8, 2005, defendant again noticed removal of the action from state court. Additionally, defendant filed a motion to dismiss. On May 9, 2005, plaintiff filed the instant motion to remand the case.

For the reasons set forth below, this court REMANDS the action to the Sacramento County Superior Court because defendant's removal is untimely.[2]

## BACKGROUND[3]

On July 9, 2000, Oscar Ruiz died after sustaining a fatal injury when he fell off a treadmill at the Citrus Grove Apartment Homes ("Citrus Grove"). On February 16, 2001, Mr. Ruiz's heirs filed an action against Citrus Grove seeking damages for negligence, battery, emotional distress, wrongful death, and spoliation of evidence. Then, in July 2001, Mr. Ruiz's heirs

---

[2] Accordingly, defendant's motion to dismiss is DENIED AS MOOT.

[3] The background facts are taken largely from the court's Remand Order.

filed an action for negligence, emotional distress, and wrongful death against plaintiff Rubstello, Inc., fka Exercise Equipment Center, Inc. ("Rubstello Inc."). The two actions were consolidated in the Sacramento County Superior Court in 2002 (collectively, the "Ruiz action").

On April 6, 2001, Citrus Grove filed a cross-complaint against Rubstello, Inc. The cross-complaint included claims for contribution, indemnification, and declaratory relief related to Mr. Ruiz's death. Specifically, Citrus Grove alleged that Mr. Ruiz's death was the result of Rubstello Inc.'s negligent and improper placement of the treadmill too close to a concrete pillar.

After receipt of the Ruiz action, Rubstello, Inc. tendered its defense to Transamerica under the Commercial General Liability Policy, effective June 6, 1999 to June 5, 2000. Transamerica denied Rubstello, Inc. a defense on December 27, 2001. Then, on March 20, 2003, Rubstello, Inc. tendered its defense to defendant, herein, Transportation Insurance Company. On June 20, 2003, defendant declined the tender.

On August 20 and 21, 2003, Citrus Grove and the Ruiz action plaintiffs, amended their actions to add James, Leo, Faye, and Dawn Rubstello as individual defendants pursuant to an alter ego theory. Therefore, again, on October 14, 2003, plaintiffs requested that defendant participate in the defense of the Ruiz action claims, including the defense of the individuals. Defendant again declined the tender.

Consequently, on September 15, 2004, plaintiffs filed a "Complaint for Declaratory Relief" against defendant in

3

Sacramento County Superior Court. By that complaint, plaintiffs, pursuant to Cal. Code Civ. Proc. § 1060, sought a declaration of the respective defense duties and obligations of defendant under the relevant agreement.

On October 14, 2004, defendant removed the action to this court based on diversity jurisdiction. On January 11, 2005, the court exercised its discretion to decline jurisdiction under the DJA and remanded the case to the Sacramento County Superior Court.

After the case was remanded, a settlement in the Ruiz action was approved, bringing the underlying state actions to a close. Plaintiffs settled the cases for $515,000. (FAC at 8:35.) Following settlement, on March 11, 2005, plaintiffs filed the FAC, which omitted the declaratory relief claim and pled instead claims for breach of insurance contract and breach of the implied covenant of good faith and fair dealing. The FAC sought contract damages totaling $718,597.

On April 8, 2005, defendant again removed the action to this court on the basis of diversity jurisdiction. Plaintiffs again move to remand.

## STANDARD

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over claims based on diversity of jurisdiction which

4

meet the requisite amount in controversy. 28 U.S.C. § 1332. Courts construe removal statutes restrictively. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The party invoking removal bears the burden of establishing federal jurisdiction. Id. at 565; see Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mutual Life Ins. Co., 790 F.2d 769, 771 (9th Cir. 1986)). Additionally, the burden of proof is on the removing party to show that all substantive and procedural requirements have been met. Gaus, 980 F.2d at 566.

**ANALYSIS**

**1. The Initial Pleading was Removable on its Face**

A suit must be removed within 30 days of a defendant's receipt of the initial pleading setting forth a removable claim.[4] 28 U.S.C. § 1446(b). If the claim was not removable at the time of the initial pleading, a suit must be removed within 30 days of the defendant first ascertaining, based on an amended pleading or other papers, that the case is or has become removable.[5] Eyak

---

[4] 28 U.S.C. § 1446(b) para. 1 in relevant part states: The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

[5] 28 U.S.C. § 1446(b) para. 2 in relevant part states: If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

5

1  Native Village v. Exxon Corp., 25 F.3d 773, 782  (9th Cir. 1994);
2  Peabody v. Schroll Trust, 892 F.2d 772, 775 (9th Cir. 1989).  "If
3  the case is removable from the outset, it must be removed within
4  the thirty-day period specified by § 1446(b); subsequent events
5  do not make it 'more removable' or 'again removable.'"  Samura v.
6  Kaiser Found. Health Plan, Inc., 715 F. Supp. 970, 972 (N.D. Cal.
7  1989) (citation omitted).
8       The initial pleading in the instant case is plaintiffs'
9  complaint.  Defendant concedes it removed that complaint on the
10 basis of diversity jurisdiction.  (Opp'n, filed June 10, 2005,
11 2:26-7.)  Defendant also concedes that this court previously
12 recognized that the "sole basis for federal jurisdiction [in this
13 action] is diversity" in issuing its original remand order.  (Id.
14 at 3:20-21.)
15      Indeed, such an independent basis for jurisdiction must have
16 existed for the court to have properly rendered a decision on the
17 original motion to remand.  Under the DJA, district courts have
18 the discretion to "dismiss a case brought [for declaratory relief
19 under the DJA] 'even when the suit otherwise satisfies subject
20 matter jurisdictional prerequisites.'"  Golden Eagle Insur. Co.
21 v. Travelers Co., 103 F.3d 750, 755 (9th Cir. 1996), *overruled on
22 other grounds*, Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220,
23 1227 (9th Cir. 1998).  But, before the court may exercise its
24 discretion to remand under the DJA, the court must have an
25 independent basis for subject matter jurisdiction.  Skelly Oil
26 Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950)
27 (holding that the DJA enlarged the range of remedies available in
28 the federal courts but did not extend their jurisdiction); Aetna

6

1  Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937) (explaining
2  that the DJA is procedural only).  Thus, if a court does not
3  otherwise have subject matter jurisdiction when presented with a
4  declaratory relief claim under the DJA, it cannot decide the
5  claim.  Republican Party of Guam v. Gutierrez, 277 F.3d 1086,
6  1089 (9th Cir. 2002) (declaratory relief action alone cannot
7  support federal question jurisdiction); Smith v. Wells Fargo
8  Bank, 1997 U.S. Dist LEXIS 4340, *3 (N.D. Cal. Apr. 4, 1997)
9  (court cannot grant declaratory relief under the DJA since
10 federal subject matter jurisdiction, based on diversity
11 jurisdiction, was lacking).

12     Here, the court found that diversity jurisdiction existed in
13 the initial suit.  (Remand Order at 2:25.)  It remanded based
14 upon the discretion granted under the DJA.  That decision,
15 contrary to defendant's contention, does not impact whether the
16 case was removable in the first instance.  It was.  Diversity
17 jurisdiction existed then, at the time of the filing of
18 plaintiffs' complaint, as it exists now.  As such, removal based
19 on 28 U.S.C. § 1446(b) is untimely since the 30-day window has
20 closed.[6]

21     **2.   The Revival Exception for Removal Does Not Apply**

22     There is a "narrow, judicially-created exception" to the
23 requirement that an initially removable pleading must occur
24 within 30 days of the first pleading.  Dunn v. Gaiam, 166
25 F. Supp. 2d 1273, 1279 (C.D. Cal. 2001).  The "revival exception"

26
27     [6] Since the suit was initially removable, 28 U.S.C.
   § 1446 (b) para. 2 is not applicable, and thus the ability to
28 use amended pleadings as a basis for beginning a new 30-day
   clock does not apply to the instant case.  Richey v. Upjohn Drug
   Co., 139 F.3d 1313, 1316 (9th Cir. 1998).

allows a defendant in a few instances to "revive" the ability to remove a suit after the 30-day limit has expired when a plaintiff voluntarily changes the nature of the action such that "substantially a new suit begun that day." Samura, 715 F. Supp. at 972 (quoting Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc., 668 F.2d 962, 965 (7th Cir. 1982)).

The "revival exception" is not "'self-defining'" . . . [and] must be determined in each case with reference to its purposes and those of the 30-day limitation on removal to which it is an exception." Wilson, 668 F.2d at 965. Purposes of the 30-day limitation include: 1) depriving a defendant of an undeserved tactical advantage to see how he is faring in state court before removing; and 2) preventing delay and waste of resources involved in starting a case over in a second court after significant proceedings have occurred. Id. Courts have found two instances where revival outweighs the purposes of the 30-day removal limitations: 1) when a plaintiff attempts to mislead a defendant about the true nature of its claim by including a less consequential federal claim unlikely to be removed, and later, after the 30-day window for removal has expired, amends the complaint to include a substantive federal claim; or 2) when the effect of the change is to substantially constitute a new suit. Johnson v. Heublein, Inc., 227 F.3d 236, 242 (5th Cir. 2000); Wilson, 668 F.2d at 965-966; Samura, 715 F. Supp. at 972.

The "revival exception" rarely has been used successfully given the stringent qualifications. "There seem to be no reported cases in the Ninth Circuit of any court actually applying the 'revival exception'" Dunn, 166 F. Supp. 2d at 1279.

8

1  In fact, at least one district court in the Ninth Circuit has
2  questioned the wisdom of the exception's use at all.  Id.
3  "Indeed, the only reported case ... which actually relies on this
4  exception is Johnson [v. Heublein]; even Wilson [v.
5  Intercollegiate (Big Ten) Conference Athletic Association], the
6  case generally credited with its creation, found that it did not
7  apply on the facts of the case."  Id.
8       In Wilson, the plaintiff's amended complaint supplemented
9  his equal protection claim by including, amongst others, a
10 "scattershot of new federal claims," as well as quantifying his
11 damages for the first time.  Wilson, 668 F.2d at 964.  The court
12 determined that these changes did not meet the standard required
13 to revive since it did not constitute "substantially a new suit
14 begun that day" but only purported to further show that the
15 treatment of which the plaintiff previously complained was
16 unlawful.  Id. at 966-967.
17      Similarly, in Dunn, following remand the plaintiff added
18 five new defendants and fifteen new causes of action, including a
19 federal "RICO" claim.  Dunn, 166 F. Supp. 2d at 1276.  Noting the
20 strong presumption against removal, the court determined that the
21 FAC neither changed the scope of liability nor the alignment of
22 the parties substantially enough to merit revival.  Id. at 1279.
23 The court determined that while "the defendants may have been
24 understandably surprised to see that a RICO claim was added . . .
25 [it] does not so substantially alter the scope of the case as to
26 render it 'new'."  Id. at 1279-1280.
27      On the other hand, Johnson provides an example of what did
28 constitute "new" allegations sufficient to grant revival.  In

Johnson, the original complaint was filed by Johnson against five parties. Upon amending the complaint, two of the five defendants were changed to be plaintiffs. Johnson, 227 F. 3d at 238. In the amended complaint, in addition to the original conversion claim, claims were added by one of the "re-aligned" plaintiffs against remaining co-defendants for breach of contract, bad faith breach of contract, unjust enrichment, and fraud. Id. at 238-240. In allowing revival and finding removal timely, the court determined that the amended complaint "b[ore] no resemblance whatsoever to the allegations in the [original complaint]. Id. at 242.

In light of these authorities, it is clear that this case does not merit revival. First, defendant was not misled by plaintiffs' complaint in any way; in fact, defendant removed the case to this court. It was only remanded per the court's discretionary authority under the DJA to decline jurisdiction.

Second, the FAC did not meet the extraordinary circumstances necessary to "in effect begin a new case." Wilson, 668 F.2d at 965. No parties were changed between the original complaint and the FAC. Moreover, like Wilson, other than the addition of elements of the new causes of action, the FAC was virtually identical to the original complaint, pleading all of the same underlying facts and adding only the Ruiz action settlement details and quantifying those damages. Finally, plaintiffs' claims are still based on defendant's duty to defend plaintiffs. The original complaint prayed for declaratory relief in determining whether defendant had a duty to defend plaintiffs in the underlying Ruiz action. In the FAC, plaintiffs necessarily

dismissed the declaratory relief claim after settling the Ruiz action; the case then, naturally, became one for breach of insurance contract and breach of the implied covenant of good faith and fair dealing based on defendant's failure to defend plaintiff in the underlying suit.  In essence, the suit was then, and still is now, based on the same conduct and contract.  Based on the "revival exception" case law, the changes here do not constitute a substantially new suit worthy of a revival.  <u>Wilson</u>, 668 F.2d at 964; <u>Dunn</u>, 166 F. Supp. 2d at 1279; <u>Johnson</u>, 227 F.3d at 242.

Accordingly, since plaintiffs' action was initially removable as provided under 28 U.S.C. § 1446(b) and no circumstances exist to revive or renew the previously expired 30-day limitation, defendant's removal is untimely, and plaintiffs' motion to remand must be granted.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand is GRANTED.  This matter is REMANDED to the Sacramento County Superior Court.

IT IS SO ORDERED.

DATED: June 22, 2005

>                    /s/ Frank C. Damrell Jr.
>                    FRANK C. DAMRELL, Jr.
>                    UNITED STATES DISTRICT JUDGE